**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

ZACHARY L. WILLIS                                                    PLAINTIFF
ADC #143271

v.                                    3:22-cv-00281-BSM-JJV

LEE, Lieutenant,
Grimes Unit, ADC; *et al.*                                          DEFENDANTS

## ORDER

Zachary L. Willis ("Plaintiff") is a prisoner in the Grimes Unit of the Arkansas Division of

Correction ("ADC").    He has filed a Complaint seeking relief pursuant to 42 U.S.C. § 1983 and

two Applications to Proceed *In Forma Pauperis* ("IFP Applications").    (Docs. 6, 7.)

**I.      FILING FEE**

Pursuant to my earlier Order, Plaintiff has provided financial information demonstrating

he is entitled to proceed *in forma pauperis* and does not have sufficient funds to pay an initial

partial filing fee. (Docs. 5-7.)    Thus, the IFP Application is granted, and the Warden shall collect

monthly payments in the amount of twenty percent (20%) of the preceding month's income

credited to Plaintiff's institutional account each time the amount in exceeds $10, until the $350

statutory filing fee is paid in full.    28 U.S.C. § 1915(b)(2).

**II.     SCREENING**

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints

seeking relief against a governmental entity, officer, or employee.   28 U.S.C. ' 1915A(a).   The

court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are

legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c)

seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. ' 1915(A)(b).

1

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the ' 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id.* But regardless of whether a plaintiff is represented or appearing *pro se*, the "complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly,* 550 U.S. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility" of entitlement to relief. *Id*. at 557.

Title 42 of the United States Code, section 1983 allows individuals to bring suit against persons who, under color of state law, have caused them to be "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. ' 1983 (1996). Section 1983 itself "creates no substantive rights; it merely provides remedies for deprivation of rights established elsewhere." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985) (citations omitted). In order to state a claim pursuant to 42 U.S.C. ' 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

2

### III.     PLAINTIFF=S COMPLAINT

Plaintiff has filed a Complaint alleging Sergeant Heitman, Pigford, and Lee are "harassing" him.   (Doc. 1.)     But he has not provided any facts explaining how they allegedly did so.   Instead, he has attached to his Complaint thirty-nine pages of grievance against Defendants and other ADC officials who have not been named as Defendants.     Plaintiff has not indicated whether he is suing Defendants in their official or individual capacities.     And as relief, he wants the Court to "take their rank and have them [illegible]." (*Id*. at 5.)     For the following reasons, I conclude the Complaint, as it currently stands, does not state a plausible claim for relief.

First, a Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."     Fed. R. Civ. P. 8(a)(1).     To state a claim for relief under ' 1983, a plaintiff must allege defendants deprived him of a right secured by the federal Constitution or laws of the United States.     *See* 42 U.S.C. ' 1983.     As noted by other courts, a *pro se* litigant cannot throw a myriad of facts at the court to "see what sticks." *Pierce v. Homecomings Fin., LLC*, No. 1:17-cv-882-BKS-CFH, 2018 WL 2187384, at *5 (N.D.N.Y. Feb. 1, 2018); *Scarlett v. United States*, No. 16-80017-CR, 2017 WL 11473755, at*17 (S.D. Fla. Dec. 7, 2017).     Instead, a plaintiff must: (1) state what constitutional or federal statutory rights were violated; (2) specify how each individual defendant, "through the official's own individual actions," participated in each violation; and (3) explain how he was harmed by each violation.     *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009) (because there is no vicarious liability in ' 1983 actions, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Mitchell v. Dakota Cty. Soc. Servs.,* 959 F.3d 887, 896 (8th Cir. 2020) (to establish standing to bring a lawsuit, "a plaintiff must show an injury in fact traceable to the defendant's conduct that will likely be redressed by a favorable decision"). And when explaining

how each constitutional or statutory right was violated, mere "labels and conclusions," "a formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient." *Iqbal,* 556 U.S. at 678.   Instead, Plaintiff must provide "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.*   As it currently stands, the Complaint does not satisfy these basic pleading requirements.

Second, name calling, vulgar language, and verbal harassment by prison officials does not rise to the level of a constitutional violation.   *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007); *Kurtz v. City of Shrewsbury,* 245 F.3d 753, 759 (8th Cir. 2001).   Even "the use of reprehensible racially derogatory language, is not by itself unconstitutional race discrimination unless it is pervasive or severe enough to amount to racial harassment." *Lewis v. Jacks,* 486 F.3d 1025, 1028 (8th Cir. 2007).   Thus, the Complaint does not state a plausible claim.

Third, in some of his grievances, Plaintiff says unnamed officers retaliated against him for filing grievances against unspecified individuals. However, a prisoner "cannot immunize himself from adverse administrative action by prison officials merely by filing grievances and then claiming that everything that happens to him is retaliatory."   *Rienholtz v. Campbell*; 64 F. Supp. 2d 721, 733 (W.D. Tenn. 1999).   "If that were so, then every prisoner could obtain review of non-cognizable claims merely by filing a lawsuit or grievance and then perpetually claiming retaliation." *Id.*   Instead, to plead a plausible retaliation claim, Plaintiff must provide facts suggesting: "(1) he engaged in a protected activity, (2) [officials] took adverse action against him that would chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity." *See De Rossitte v. Correct Care Sols., LLC.,* 22 F.4th 796, 804 (8th Cir. 2022); *Gonzalez v. Bendt*, 971 F.3d 742, 745 (8th Cir. 2020).   Plaintiff has not satisfied these requirements.

Finally, Plaintiff has not specified if he is suing Defendants in their official capacities, personal capacities, or both.   The doctrine of sovereign immunity prohibits plaintiffs from recovering monetary damages from state defendants in their official capacities.   *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989*); Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016).   Instead, a plaintiff may obtain: (1) monetary damage from state defendants sued in their personal capacities, and (2) declaratory and injunctive relief from them in their official capacities. *Larson v. Kempker,* 414 F.3d 936, 939-40 (8th Cir. 2005); *Murphy v. Arkansas,* 127 F.3d 750, 754 (8th Cir. 1997).   Because the Complaint is silent on the matter, the Court must presume Plaintiff is suing Defendants in their official capacities only, and as a consequence, he will be limited to seeking declaratory and prospective injunctive relief.   *See Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018); *see also* 18 U.S.C. § 3626 (prospective injunctive relief "in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff").

If he so chooses, Plaintiff may attempt to cure these pleading deficiencies by filing an Amended Complaint within thirty (30) days of the date of this Order.   **Plaintiff is cautioned an Amended Complaint will render the original Complaint without legal effect**.   **Only claims properly set out in the Amended Complaint will be considered.**   Therefore, Plaintiff's Amended Complaint should: (1) explain how <u>each</u> Defendant personally violated his constitutional rights; (2) say how he was injured by <u>each</u> constitutional violation; (3) specify whether he is suing Defendants in their official and/or personal capacities; (4) state the relief he is seeking; (5) cure the pleading deficiencies mentioned in this Order; and (6) otherwise plead a plausible claim upon which relief may be granted.   There is no need to attach grievances or other documents to the Amended Complaint.   If Plaintiff does not comply with these instructions, I will recommend the

5

Complaint be dismissed without prejudice.

## IV.    CONCLUSION

IT IS, THEREFORE, ORDERED that:

1.      Plaintiff's IFP Applications (Docs. 6, 7) are GRANTED.

2.      As Plaintiff's present custodian, the Warden, designee, or any future custodian, shall collect from Plaintiff's institutional account monthly payments equal to 20% of the preceding month's income credited to his account each time the amount in the account exceeds $10, and forward the payments to the Clerk of the Court in accordance with 28 U.S.C. § 1915(b)(2), until a total of $350 has been collected and forwarded to the Clerk.   All payments forwarded on Plaintiff's behalf must be clearly identified by the name and number assigned to this action.

3.      The Clerk shall mail a copy of this Order to the: (a) Warden of the Grimes Unit, 300 Corrections Drive, Newport, AR 72112; (b) ADC Trust Fund Centralized Banking Office, P.O. Box 8908, Pine Bluff, Arkansas 71611; and (c) ADC Compliance Office, P.O. Box 20550, Pine Bluff, Arkansas 71612-0550.

4.      Service is not appropriate at this time.

5.      The Clerk shall mail a 42 U.S.C. § 1983 complaint form (but <u>not</u> an IFP Application or Calculation Sheet) to Plaintiff with a copy of this Order.   If Plaintiff wishes to amend the Complaint, he must complete the new complaint form in its entirety in accordance with this Order, label it an "Amended Complaint," and file it **within thirty (30) days of the date of this Order.**

6.      Plaintiff's Complaint, as it now stands, is deficient and may be dismissed after thirty (30) days of the date of this Order.

DATED this 9th day of December 2022.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE