## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

ZACHARY L. WILLIS                                                                                              PLAINTIFF
ADC #143271

v.                                              3:22-cv-00281-BSM-JJV

LEE, Lieutenant,
Grimes Unit, ADC; *et al.*                                                                              DEFENDANTS

### RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.   DISCUSSION**

Plaintiff Zachary L. Willis has filed a *pro se* Complaint seeking relief pursuant to 42 U.S.C. § 1983. (Doc. 1.) He says Sergeant Heitman, Pigford, and Lee are "harassing" him. But he has not provided any facts explaining how they allegedly did so. Instead, Plaintiff has attached to his Complaint thirty-nine pages of grievances filed against Defendants and other ADC officials, who have not been named as Defendants. Plaintiff has not indicated whether he is suing Defendants in their official or individual capacities.

On December 9, 2022, I entered an Order bringing several pleading deficiencies to

Plaintiff's attention, giving him thirty days to file an Amended Complaint correcting them, and cautioning him I would recommend dismissal if he did not do so. (Doc. 8.) In response, Plaintiff has filed thirteen additional pages of grievances against individuals who are not Defendants in this lawsuit. (Docs. 9, 10). But he has not filed an Amended Complaint, and the time to do so has passed. Therefore, I recommend the Complaint be dismissed without prejudice for failing to state a claim upon which relief may be granted for the following reasons.[1]

First, a Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1). To state a claim for relief under § 1983, a plaintiff must allege defendants deprived him of a right secured by the federal Constitution or laws of the United States. *See* 42 U.S.C. § 1983. As noted by other courts, a *pro se* litigant cannot throw a myriad of facts at the court to "see what sticks." *Pierce v. Homecomings Fin., LLC*, No. 1:17-cv-882-BKS-CFH, 2018 WL 2187384, at *5 (N.D.N.Y. Feb. 1, 2018); *Scarlett v. United States*, No. 16-80017-CR, 2017 WL 11473755, at*17 (S.D. Fla. Dec. 7, 2017). Instead, a plaintiff must: (1) state what constitutional or federal statutory rights were violated; (2) specify how each individual defendant, "through the official's own individual actions," participated in each violation; and (3) explain how he was harmed by each violation. *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009) (because there is no vicarious liability in § 1983 actions, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Mitchell v. Dakota Cty. Soc. Servs.,* 959 F.3d 887, 896 (8th Cir. 2020) (to

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

establish standing to bring a lawsuit, "a plaintiff must show an injury in fact traceable to the defendant's conduct that will likely be redressed by a favorable decision"). And when explaining how each constitutional or statutory right was violated, mere "labels and conclusions," "a formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient." *Iqbal,* 556 U.S. at 678. Instead, Plaintiff must provide "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* The Complaint does not satisfy these basic pleading requirements.

Second, name calling, vulgar language, and verbal harassment by prison officials does not rise to the level of a constitutional violation. *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007); *Kurtz v. City of Shrewsbury,* 245 F.3d 753, 759 (8th Cir. 2001). Even "the use of reprehensible racially derogatory language, is not by itself unconstitutional race discrimination unless it is pervasive or severe enough to amount to racial harassment." *Lewis,* 486 F.3d at 1028. Thus, the Complaint does not state a plausible claim.

Third, in some of his grievances, Plaintiff says unnamed officers retaliated against him for filing grievances against unspecified individuals. However, a prisoner "cannot immunize himself from adverse administrative action by prison officials merely by filing grievances and then claiming that everything that happens to him is retaliatory." *Rienholtz v. Campbell*; 64 F. Supp. 2d 721, 733 (W.D. Tenn. 1999). "If that were so, then every prisoner could obtain review of non-cognizable claims merely by filing a lawsuit or grievance and then perpetually claiming retaliation." *Id.* Instead, to plead a plausible retaliation claim, Plaintiff must provide facts suggesting: (1) he engaged in a protected activity, (2) the defendants took adverse action against him that would chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity." *See De*

*Rossitte v. Correct Care Sols., LLC.,* 22 F.4th 796, 804 (8th Cir. 2022); *Gonzalez v. Bendt*, 971 F.3d 742, 745 (8th Cir. 2020). Because he has not done so, the Complaint does not contain a plausible retaliation claim.

Finally, Plaintiff has not specified if he is suing Defendants in their official capacities, personal capacities, or both. When a complaint is silent on that matter, the Court must presume Defendants are being sued in their official capacities only. *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). The doctrine of sovereign immunity prohibits plaintiffs from recovering monetary damages from Defendants in their official capacities. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989*)*; *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016). But it does not prevent him from obtaining injunctive relief. *Larson v. Kempker,* 414 F.3d 936, 939-40 (8th Cir. 2005); *Murphy v. Arkansas,* 127 F.3d 750, 754 (8th Cir. 1997). The only relief Plaintiff seeks is for the Court to "take the rank and have them [illegible]." (Doc. 1 at 5.) But Plaintiff cannot obtain that relief, even if he is successful on a claim. *See* 18 U.S.C. § 3626(a)(1) ("in any civil action with respect to prison conditions" the "court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right*,* and is the least intrusive means necessary to correct the violation of the Federal right").

## II.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Complaint (Doc. 1) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2. The Court recommend dismissal count as a strike, in the future, for purposes of 28 U.S.C. § 1915(g).

3.   The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 18th day of January 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE